**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | | |
|---|---|---|
| SUE M. BOWERS, | ) | |
|       Plaintiff, | ) | |
|     vs. | ) | No. 20-cv-50359 |
| | ) | |
| MDUDUZI MLOTSHWA and | ) | NOTICE OF REMOVAL |
| LYNN TRANSPORTATION INC., | ) | (28 U.S.C. § 1446 (a), (b)) |
| a Wisconsin Corporation, | ) | |
|       Defendants. | ) | |

**<u>NOTICE OF REMOVAL</u>**

TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, AND TO ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:

Pursuant to 28 U.S.C. sections 1332(a), 1441 and 1446; defendants MDUDUZI MLOTSHWA, and LYNN TRANSPORTATION INC., ("Defendants") respectfully submits this Notice of Removal of the case entitled SUE M. BOWERS *v.* MDUDUZI MLOTSHWA, and LYNN TRANSPORTATION INC., a Wisconsin Corporation, Case No. 20 LA 204, pending in the Circuit Court of McHenry County, Illinois (the "State Court Action"). In support of its Notice of Removal, Defendants state as follows:

## I.    COMPLETE DIVERSITY OF CITIZENSHIP EXISTS.

1. This case arises out of a motor vehicle accident that occurred on June 9, 2020 on Route 14 near the intersection of Deep Cut Road, Hartland Township, County of McHenry, Illinois. See Exhibit A – Plaintiff's Complaint; see also Exhibit B – Illinois Traffic Crash Report.

2. On or about August 20, 2020, plaintiff SUE M. BOWERS ("Plaintiff"), commenced the State Court Action against Defendants by filing a complaint (the "Complaint"). See Exhibit A – Plaintiff's Complaint.

3. Upon information and belief, Plaintiff is and was a domiciled citizen of the State of Illinois and has an Illinois driver's license. See Exhibit B – Illinois Traffic Crash Report.

4. Defendant, MDUDUZI MLOTSHWA, has been a citizen and domiciled in the State of Wisconsin, and has a Wisconsin driver's license. See Exhibit C – Affidavit of MDUDUZI MLOTSHWA; see also Exhibit B - Illinois Traffic Crash Report. Defendant, MDUDUZI MLOTSHWA, was served via service of process of a non-resident while he resided in Wisconsin. See Exhibit D – Proof of Service of Summons.

5. Defendant, LYNN TRANSPORTATION INC., is a citizen of Wisconsin, and is incorporated and has its main office and principal place of business in the State of Wisconsin. See Exhibit E – Affidavit of Mark Neal; see also Exhibit F - State of Wisconsin Corporate filings. On the face of Plaintiff's Complaint, LYNN TRANSPORTATION INC, is a foreign corporation. See Exhibit A – Plaintiff's Complaint. Defendant, LYNN TRANSPORTATION INC, was served via service of process of a non-resident while being located in Wisconsin. See Exhibit G – Proof of Service of Summons.

6. Plaintiff is a domiciled citizen of Illinois, and Defendants have not been domiciled citizens of Illinois. Complete diversity therefore exists. And because Defendants are not citizens of Illinois, they are not precluded by 28 U.S.C. section 1441(b)(2) from removing this action.

## II. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000, EXCLUSIVE OF INTEREST AND COSTS.

7. Plaintiff's Complaint alleges an amount in controversy in excess of $50,000. The Plaintiff's Affidavit of Damages certifies that the damages sought exceed $50,000. The Complaint alleges a multiple count cause of action sounding in negligence resulting from a motor vehicle accident that occurred in Illinois. See Exhibit A – Plaintiff's Complaint.

8. Plaintiff's complaint alleges a collision between the Defendants' vehicle and herself. See Exhibit A – Paragraphs #8, #14 of Plaintiff's Complaint. Plaintiff's complaint further alleges that Plaintiff "sustained severe and permanent injuries." See Exhibit A – Paragraphs #10, #16 of Plaintiff's Complaint.

9. All that is required for removal is a reasonable probability that more than $75,000 is in controversy. *Rising-Moore v. Red Rood Inns, Inc* 735 F. 3d 813, 815 (7th Cit. 2006). Although Defendants deny liability for any amount, upon information and belief, the amount in controversy exceeds $75,000.

### III. REMOVAL WAS TIMELY PURSUANT TO 28 U.S.C. SECTION 1446(B)(3).

10. "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C.S. § 1446. Here, this Notice of Removal was filed within 30 days of service of the State Court Case, which clearly meets the requirements of Section 1446.

11. In accordance with 28 U.S.C § 1447(b) there are attached to this Notice of Removal true and correct copies of all pleadings and process served upon the defendants by the plaintiff in this case. See Exhibit H.

3

12. In accordance with 28 U.S.C § 1447(b) Defendants shall give prompt written notice of the removal of this case to the plaintiff and shall file a copy of this Notice of Removal with the Circuit Court of McHenry County, Illinois.

**WHEREFORE**, Defendants hereby respectfully requests this Notice of Removal be accepted as good and sufficient as required by law, and that the aforesaid State Court Action be removed from the Circuit Court of McHenry County, Illinois to the United States District Court for the Northern District of Illinois, Western Division, the district in which the State Court Action is pending, and that this Court assume full and complete jurisdiction thereof and issue all necessary orders and grant all general equitable relief to which Defendants are entitled.

>MDUDUZI MLOTSHWA and LYNN
>TRANSPORTATION INC., a
>Wisconsin Corporation, Defendants.
>
>By: */s/* Mohammed A. Nofal
>      One of Their Attorneys

Mohammed A. Nofal/#6275601
LANGHENRY, GILLEN,
    LUNDQUIST & JOHNSON, LLC
2400 Glenwood Ave., Suite 200
Joliet, IL 60435
(815) 726-3600
mnofal@lglfirm.com

**CERTIFICATE OF SERVICE**

I, the undersigned, an attorney, state that I caused to be electronically filed the foregoing document, with the Clerk of the Court, United States District Court, Northern District of Illinois, using the CM/ECF system before 5:00 p.m. on the 22d[h] day of September, 2020.

>By: /s/ Mohammed A. Nofal
>One of Their Attorneys
>Langhenry, Gillen, Lundquist & Johnson, LLC
>2400 Glenwood Ave., Suite 200
>Joliet, IL 60435
>(815) 726-3600
>mnofal@lglfirm.com
>*Attorneys for Defendants, MDUDUZI MLOTSHWA and LYNN TRANSPORTATION INC.*